No. 44,973

RUSSELL WILCOX, *Appellant,* v. L. A. BILLINGS, Superintendent, Motor Vehicle Department, Kansas State Highway Commission, *Appellee.*

(438 P. 2d 108)

Opinion filed March 9, 1968.

*John C. Humpage* and *William R. Stewart,* both of Topeka, argued the cause and were on the brief for the appellant.

*Bernard L. Hausherr,* of Lawrence, argued the cause, and *Robert C. Londerholm,* attorney general, *John H. Morse, James E. Wells,* and *Ralph G. Ball,* all of Topeka, were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: This is an appeal from a district court judgment sustaining an order of the motor vehicle department revoking appellant's driver's license.

On January 9, 1965, appellant Russell Wilcox was arrested in Topeka at the scene of an automobile collision and charged with the offense of driving a motor vehicle while under the influence of intoxicating liquor. The arrest was made by two Topeka police officers working as a team. One of the arresting officers requested appellant to submit to a chemical test for alcohol, as provided by K. S. A. 8-1001. Appellant refused such test. On the same day the other officer made a written report to the motor vehicle department of the refusal, stating that on January 9, 1965, prior to appellant's arrest he had reasonable grounds to believe appellant was driving while under the influence of intoxicating liquor, that he requested appellant to submit to a chemical test for alcohol and that appellant refused to submit to such test. This report was signed but was not sworn to by the officer.

Upon receipt of this report the motor vehicle department suspended appellant's driver's license. Thereafter the department held an administrative hearing on the issue of the reasonableness of appellant's failure to submit to the test, and on February 22, 1965, it revoked his license to drive.

Appellant appealed the revocation order to the district court of Shawnee county, pursuant to K. S. A. 8-259 (a). There jury trial de novo was had on the issue of the reasonableness of the refusal. That issue was resolved against appellant. The trial court made other rulings adverse to appellant and he now brings the matter here for review.

Several of appellant's complaints go to trial errors involved in the determination of the single issue presented to the jury. Before these are reached, however, appellant raises another question which in our view determines disposition of this proceeding.

During trial in district court it developed that the written report of refusal sent to the vehicle department was not in fact sworn to. The officer who signed it so testified as did another police officer who affixed a notarial seal to the report. The district court specifically found, as it was bound to do on such evidence, that the

report was not sworn to but, although requested to do so, it refused to grant appellant any relief because of the defect.

Appellant contends, as he did in the trial court, that this defect voids the entire revocation proceedings.

Revocation of a license to drive because of refusal to submit to a chemical test is provided for in K. S. A. 8-1001 [since amended] as follows:

"Any person who operates a motor vehicle upon a public highway in this state shall be deemed to have given his consent to submit to a chemical test of his breath, blood, urine, or saliva for the purpose of determining the alcoholic content of his blood whenever he shall be arrested or otherwise taken into custody for any offense involving operating a motor vehicle under the influence of intoxicating liquor in violation of a state statute or a city ordinance and the arresting officer has reasonable grounds to believe that prior to his arrest the person was driving under the influence of intoxicating liquor. The test shall be administered at the direction of the arresting officer. If the person so arrested refuses a request to submit to the test, it shall not be given and the arresting officer shall make to the vehicle department of the state highway commission a *sworn report* of the refusal, stating that prior to the arrest he had reasonable grounds to believe that the person was driving under the influence of intoxicating liquor. Upon receipt of the report, the vehicle department of the state highway commission shall suspend for a period not exceeding ninety (90) days the person's license or permit to drive or nonresident operating privilege and, after granting the person an opportunity to be heard on the issue of the reasonableness of his failure to submit to the test, the vehicle department of the state highway commission may revoke the person's license or permit to drive or nonresident operating privilege." (Our emphasis.)

Appellee argues, first, that the only issue before a district court on a hearing on appeal pursuant to K. S. A. 8-259 (*a*) by a petitioner whose driver's license has been suspended or revoked because of his refusal to submit to a chemical test to determine the alcoholic content of his blood, pursuant to K. S. A. 8-1001, is the reasonableness of petitioner's failure to submit to such test (*Lira v. Billings,* 196 Kan. 726, Syl. ¶ 3, 414 P. 2d 13), and further that any issue based on absence of a sworn report to the motor vehicle department is irrelevant. We adhere to the rule in *Lira* but we cannot agree with appellee's further contention a reviewing court is powerless to act where administrative officials ignore prescribed procedures. Although 8-259 (*a*) provides a limited statutory review, it does not operate to deprive a person of another remedy existing independently.

The courts are always open to hear meritorious complaints against

illegal acts of nonjudicial public boards and officials at the instance of a private citizen especially aggrieved thereby (*Klassen v. Regier,* 195 Kan. 61, 63, 403 P. 2d 106).

The particular irregularity in question here was brought to the attention of the trial court and was properly the subject of adjudication by it, although not under 8-259 (*a*).

The next question which must be determined is whether the provision in 8-1001 for a *sworn* report is to be construed as directory or mandatory. Appellee contends it is directory only.

The difference between directory and mandatory statutes, where their provisions are not adhered to, is one of effect only; the legislature intends neither to be disregarded. However, violation of the former is attended with no consequences but failure to comply with the requirements of the latter either invalidates purported transactions or subjects the noncomplier to affirmative legal liabilities (2 Sutherland Statutory Construction [3rd ed.] § 2801).

No absolute test exists by which it may be determined whether a statute is directory or mandatory. Each case must stand largely on its own facts, to be determined on an interpretation of the particular language used. Certain rules and aids to construction have been stated. The primary rule is to ascertain legislative intent as revealed by an examination of the whole act. Consideration must be given to the entire statute, its nature, its object, and the consequences which would result from construing it one way or the other. It has been said that whether a statute is directory or mandatory depends on whether the thing directed to be done is of the essence of the thing required, or is a mere matter of form. Accordingly, when a particular provision of a statute relates to some immaterial matter, as to which compliance with the statute is a matter of convenience rather than substance, or where the directions of a statute are given merely with a view to the proper, orderly, and prompt conduct of business, it is generally regarded as directory, unless followed by words of absolute prohibition; and a statute is regarded as directory where no substantial rights depend on it, no injury can result from ignoring it, and the purpose of the legislature can be accomplished in a manner other than that prescribed, with substantially the same results. On the other hand, a provision relating to the essence of the thing to be done, that is, to matters of substance, is mandatory, and when a fair interpretation of a statute,

which directs acts or proceedings to be done in a certain way, shows that the legislature intended a compliance with such provision to be essential to the validity of the act or proceeding, or when some antecedent and prerequisite conditions must exist prior to the exercise of power or must be performed before certain other powers can be exercised, the statute must be regarded as mandatory. (82 C. J. S., Statutes, § 376).

Let us examine further what happens under 8-1001 after a sworn report of a refusal to submit to a chemical test has been made to the vehicle department. Upon receipt of such report that department is required to suspend for a period not exceeding ninety days the person's license to drive, "and, after granting the person an opportunity to be heard on the issue of the reasonableness of his failure to submit to the test, the vehicle department of the state highway commission may revoke the person's license or permit to drive."

The foregoing has been construed by the attorney general of Kansas to mean that in the absence of a request for a hearing, or upon failure at a hearing to show reasonable grounds for the refusal, the motor vehicle department must revoke the license (Vol. III, Opinions of the Attorney General, p. 20 [opinion 61-35, February 20, 1961], 10 Kan. L. Rev. 489). We are advised this procedure has been followed by the department, at least up to the time of the statute's amendment by Laws 1967, Chapter 60, § 1, with which we are not concerned here.

Thus we see that under 8-1001, once the report is received and no further action is taken by the licensee, revocation becomes automatic. The report from the arresting officer is the basis for such revocation. What kind of report? The language of the statute is explicit—a sworn report. This report puts in motion the revocation procedure. Under other statutes (K. S. A. 21-701 and 54-105) false swearing in such matters is made criminal. False accusations may not be made with impunity. The provision for a sworn report then does afford some measure of reliability and some protection to the licensee against unwarranted accusation, and the jurat imports authenticity to the item to which it is affixed.

Certainly one purpose of 8-1001 is to provide a fair and reliable method for determining whether a license to drive should be revoked. Essential to that purpose, the legislature must have deemed it important that a report which could become the sole basis of a

revocation of a driver's license be sworn to. We doubt if the legislature ever intended such drastic action should be taken on an unsworn averment alone. The very nature of the proceedings emphasizes this conclusion.

We therefore hold that the provision in 8-1001 for a *sworn* report of refusal is mandatory. It is essential to the validity of the subsequent proceedings for suspension and revocation of a driver's license that the report submitted to the motor vehicle department be sworn to, and further, where the report is not in fact sworn to, the subsequent proceedings are void.

We have considered other matters urged by appellee in support of a contrary conclusion but deem further discussion unnecessary.

The judgment appealed from is reversed and the trial court is directed to set aside the order of the motor vehicle department revoking appellant's license to drive.

APPROVED BY THE COURT.