(613 P.2d 970)
No. 51,772

In the Interest of GREGORY A. FLOURNOY, a minor.

Opinion filed July 18, 1980.

*Kurt A. Harper* of Sherwood & Hensley, of Wichita, for the appellant.

*Dave Moses,* assistant district attorney, *Vern Miller,* district attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before FOTH, C.J., SPENCER and SWINEHART, JJ.

SPENCER, J.: This cause involves procedures under the Kansas juvenile code, K.S.A. 38-801 *et seq.,* and in particular the effect of the limitation of time prescribed by K.S.A. 1979 Supp. 38-817(*a*) on a State's motion under K.S.A. 1979 Supp. 38-808(*b*) alleging the minor is not a fit and proper subject to be dealt with under the Kansas juvenile code, *i.e.,* waiver of juvenile code jurisdiction.

On October 11, 1979, a petition was filed alleging Gregory A. Flournoy, a minor sixteen years of age, to be delinquent. On that

same date the State filed a motion to waive juvenile code jurisdiction.

Nothing thereafter occurred until October 30, 1979, when the court appointed a guardian ad litem for the minor and ordered that the State's motion to waive juvenile code jurisdiction be heard on November 29, 1979.

Neither the minor nor his parents were given notice of the time and place of such hearing until November 2, 1979, when the petition and motion were mailed to the juvenile at his residence.

On November 6, 1979, the court advanced the hearing date on the motion to waive juvenile code jurisdiction to November 21, 1979.

On November 15, 1979, Flournoy moved to dismiss these proceedings with prejudice for failure of the court to set a date for hearing within two weeks following the date of filing the petition as prescribed by K.S.A. 1979 Supp. 38-817(a).

On November 21, 1979, the court denied the motion to dismiss and continued the cause to November 28, 1979, on which date the court ordered that juvenile court jurisdiction be waived. The minor has appealed. The only issue now before this court is whether the trial court erred in denying the motion to dismiss.

We note that the minor was not deprived of his liberty during the pendency of these proceedings. However, this is not deemed relevant to the disposition of the issue now before us.

K.S.A. 1979 Supp. 38-817(a) provides in part:

"Upon the filing of a petition to declare a child to be a delinquent, miscreant, wayward, a traffic offender, a truant or deprived, the district court shall fix the time and place for the hearing thereon. *The date set for hearing shall be within two (2) weeks following the date of the filing of such petition but the court may for good and sufficient cause grant a continuance when deemed necessary.*" Emphasis added.

The juvenile first contends the requirement that hearing on a delinquency petition be held within two weeks of the filing of the petition is mandatory. He then argues that the two-week requirement is "preserved" in K.S.A. 1979 Supp. 38-808(b), and thus made applicable to hearings on motions to waive juvenile court jurisdiction. K.S.A. 1979 Supp. 38-808(b) provides in part:

"Notwithstanding any provisions of the Kansas juvenile code or any other law of this state to the contrary, whenever a petition has been filed pursuant to the Kansas juvenile code alleging that a child is, by reason of violation of any criminal statute, a delinquent or miscreant child described in K.S.A. 1976 Supp. 38-802,

and that the child was sixteen (16) years of age or older at the time of the alleged commission of such offense and the petitioner, or the county or district attorney upon motion made prior to the hearing on the petition, alleges that such child is not a fit and proper subject to be dealt with under the Kansas juvenile code, the court shall immediately set a time and place for a hearing to determine if such child is a fit and proper person to be dealt with under the Kansas juvenile code. *Such hearing shall be held prior to the hearing on the petition and shall conform to the requirements for notice and appointment of a guardian ad litem as provided by K.S.A. 1976 Supp. 38-815b, for detention hearings."* Emphasis added.

Simply stated, the juvenile's argument is that, since K.S.A. 1979 Supp. 38-808(*b*) requires that a motion to waive juvenile jurisdiction be heard before the delinquency petition and K.S.A. 1979 Supp. 38-817(*a*) requires that such petition be heard within two weeks of filing, unless continued, the motion to waive juvenile jurisdiction must also be heard within two weeks of the filing of the petition or the State loses its right to proceed.

On the other hand, the State contends the "ends of juvenile court law" would be frustrated by an interpretation which requires dismissal of a delinquency petition or a waiver motion simply because it was not heard within two weeks of filing. The State also contends filing of a motion to waive juvenile jurisdiction under K.S.A. 1979 Supp. 38-808(*b*) should be viewed as suspending the time limitations of K.S.A. 1979 Supp. 38-817(*a*).

It is to be kept in mind that what is involved in this appeal is a motion to waive juvenile court jurisdiction pursuant to K.S.A. 1979 Supp. 38-808(*b*), which statute does not specify a time in which the hearing on the motion to waive must be held other than "prior to the hearing on the petition . . . ." One obvious reason for requiring the waiver issue to be determined first is that a minor should not be compelled to stand trial under the juvenile code if there are to be proceedings under the criminal code for the same act. Clearly, the requirements of 38-808(*b*) are such that, in any given case and for any number of reasons, it might not be possible to determine the waiver issue within the two weeks prescribed by 38-817(*a*). The question presented then is whether the time limitation prescribed by that statute is to be viewed as mandatory or directory. In making such a determination, it is a general rule that where strict compliance with a provision of a statute is essential to the preservation of the rights of the parties affected and to the validity of the proceedings, the provision is mandatory. But where the provision fixes a mode of proceeding

and a time within which an official act is to be done and is intended to secure order, system and dispatch of the public business, the provision is directory. *City of Manhattan v. Ridgeview Building Co., Inc.,* 215 Kan. 606, Syl. ¶ 3, 527 P.2d 1009 (1974).

In *State v. Fink,* 217 Kan. 671, 538 P.2d 1390 (1975), the requirement of K.S.A. 22-2902 that a preliminary examination in a criminal case be held within ten days after the arrest or personal appearance of the defendant was considered and construed as directory. It was there noted that a legislative enactment which does not expressly provide for discharge or dismissal if not complied with has been construed as merely directory. 217 Kan. at 676. See also *State v. Weigel,* 228 Kan. 194, 612 P.2d 636 (1980).

Inasmuch as K.S.A. 1979 Supp. 38-817(*a*) does not specifically provide a consequence for failure to comply with the provision that the date set for hearing be within two weeks following the date of filing of the petition, we hold such provision to be merely directory. As such, the court did not lose jurisdiction of the matter and the State did not lose its right to proceed.

In its order, the trial court entered a finding that because of the manner of appointing guardians ad litem in juvenile cases in which the State has moved to waive juvenile court jurisdiction, which is used in Sedgwick County, and because of the state of the docket at that time, it would have been impossible for the hearing in this matter to have been held earlier than November 21, 1979. Be that as it may, all that was necessary for literal compliance with 38-817(*a*) was for the court to have set a date for hearing within the two-week period and to have ordered a continuance when it was apparent the waiver motion could not be disposed of within that period. Even though we hold the court did not err in denying the minor's motion to dismiss, we find no valid reason why the directory provisions of the statute were not followed.

Affirmed.