(803 P.2d 585)

No. 65,417

STATE OF KANSAS, *Appellee*, v. JIMMIE D. OYLER, SR., *Appellant*.

Opinion filed December 21, 1990.

*Pamela S. Thompson*, of Horton, for the appellant.

*Melinda S. Whitman*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before LARSON, P.J., DAVIS, J., and RICHARD W. WAHL, District Judge Retired, assigned.

DAVIS, J.: The defendant, Jimmie D. Oyler, Sr., appeals the forfeiture of cigarettes and money seized by the State of Kansas at the time of his arrest. He contends that the State of Kansas lacks civil jurisdiction to proceed with a forfeiture action because he is a Cherokee Indian and because his smokeshop is located on Indian land.

Jimmie D. Oyler, Sr., owns and operates Shawnee Jim's Indian Country Smokeshop (Smokeshop) located in rural Johnson County, Kansas. Oyler is an enrolled member of the Cherokee Nation. The Smokeshop is on Shawnee Reserve 206 which Oyler claims is Indian land.

The Kansas Department of Revenue determined that Oyler was not eligible to possess or sell cigarettes without Kansas tax stamps and denied his request for permission to allow a wholesaler to sell untaxed cigarettes to him. In August 1988, the Kansas Director of Taxation notified Oyler that he was violating Kansas law

for selling non-taxed cigarettes from his Smokeshop and ordered Oyler to cease and desist.

On December 2, 1989, Kansas Bureau of Investigation Special Agents Nathan Yonally and Richard Marchewka, working undercover, entered the defendant's Smokeshop and purchased three cartons of cigarettes. None of the cigarette packages had Kansas tax stamps on them and Agent Yonally did not pay sales tax. The defendant did not ask the agent if he was an Indian.

The defendant was tried and convicted on three counts of possession of more than 200 cigarettes without the required tax indicia (K.S.A. 79-3321) and three counts of selling cigarettes at retail that did not bear the Kansas tax indicia (K.S.A. 79-3321). We affirmed the defendant's convictions in *State v. Oyler*, 15 Kan. App. 2d 78, 803 P.2d 581 (1990).

At the time of the defendant's arrest, 8,888 cartons of cigarettes, money from cigarette sales, and records concerning sale of cigarettes were seized. An order to show cause why the seized property should not be forfeited was filed. The defendant's motion to dismiss for lack of subject matter jurisdiction was denied without opinion by the trial court. The cigarettes seized were ordered forfeited as contraband and sold, and the proceeds from the sale were placed with the Johnson County District Court. Defendant appeals from the trial court's grant of the State's motion for summary judgment on the issue of forfeiture.

The facts are not in dispute. The sole issue raised by the defendant involves his contention that the State of Kansas lacks jurisdiction to proceed with forfeiture because he is a Cherokee Indian and his smokeshop is on Indian land. In *State v. Oyler*, 15 Kan. App. 2d 78, we held that the State of Kansas possessed criminal jurisdiction over Jimmie D. Oyler, Sr., under the provisions of 18 U.S.C. § 3243 (1988). Based on its exercise of criminal jurisidiction over the defendant, the State at the time of defendant's arrest seized the property in question as contraband. K.S.A. 79-3323 defines contraband as it relates to this case as "[a]ll packages of cigarettes, in quantities of twenty (20) packages or more, not bearing indicia of tax payment as required in this act."

Forfeiture actions are proceedings in rem:

"Forfeiture statutes are premised on the notion that the thing to be forfeited has itself offended society, either because it is contraband or has been used to violate laws deemed of special social importance. [Citations omitted.] . . . Although enforced through proceedings in rem, forfeitures are penal in nature. [Citation omitted.]" *State v. One 1978 Chevrolet Corvette*, 8 Kan. App. 2d 747, 749-750, 667 P.2d 893 (1983).

The State's jurisdiction in this case is not derived from civil jurisdiction over the person of the defendant but is based on in rem proceedings against the goods seized as contraband.

Moreover, the forfeiture in this case is penal in nature. The State of Kansas possessed criminal jurisdiction over the defendant for violation of the Kansas cigarette tax and sales tax laws. *State v. Oyler*, 15 Kan. App. 2d 78. It is from the criminal action and seizure of contraband that the State of Kansas has jurisdiction to proceed in rem with the forfeiture of the contraband. It also follows that the State of Kansas possesses jurisdiction over the defendant due to the penal nature of the forfeiture under the provisions of 18 U.S.C. § 3243.

Having concluded that criminal jurisdiction was conferred upon the State of Kansas by the provisions of 18 U.S.C. § 3243, it becomes unnecessary to determine whether the State of Kansas has civil jurisdiction over the defendant. We acknowledge that neither Kansas nor the United States Congress has acted to assume civil jurisdiction over Indians in the State of Kansas. However, contrary to the defendant's contention, such legislation is not necessary in this case because the State of Kansas properly assumed criminal jurisdiction over the defendant which was sufficient to support the in rem forfeiture action.

Affirmed.