(807 P.2d 694)

No. 65,431

CITY OF LENEXA, KANSAS, *Appellee*, v. A MAROON 1978 CHEVROLET CAPRICE CLASSIC, VIN. 1N69U8S265365, and $694.51 U.S. CURRENCY, *Appellant*.

Opinion filed March 15, 1991.

*David R. Gilman*, of Overland Park, for the appellant.

*Tracy T. Diel*, assistant city attorney, for the appellee.

Before REES, P.J., GERNON and LEWIS, JJ.

LEWIS, J.: This is an appeal from the order of the district court granting summary judgment to the City of Lenexa (City). The action, instituted by the City, sought the forfeiture of a 1978 Chevrolet Caprice automobile and $694.51 in United States currency. The owner of the property sought to be forfeited is Harold R. Witterstaetter, Jr.

Harold was arrested in August 1989 while driving the above-described automobile. The initial arrest was for driving with a suspended license. Unfortunately for Harold, the search incident to that arrest revealed that within the confines of the automobile was a quantity of cocaine. The search also yielded $694.51 in U.S. currency, also located in the automobile and which is part of the subject matter of this action.

Harold was charged with certain violations of the law which related to his alleged possession of drugs and contraband as mentioned above. We do not know the outcome of those criminal charges or, indeed, whether they are still pending. However, the outcome of the criminal proceeding is largely irrelevant to our decision in the instant matter. It has been held that, unless the forfeiture statute specifically requires it, a criminal conviction is

not a prerequisite to forfeiture. *State v. One 1978 Chevrolet Corvette*, 8 Kan. App. 2d 747, 749, 667 P.2d 893 (1983).

During the pendency of the criminal charges against Harold, the City filed the current proceedings seeking forfeiture of the automobile and currency. These proceedings were filed pursuant to K.S.A. 1990 Supp. 65-4135.

In its pursuit of the forfeiture action, the City served on Harold certain interrogatories, requests for production, and demands for admission of facts. Harold's reaction to the service of these documents was to completely ignore the discovery process. He did not respond to the requests for discovery either by answering or objecting to the written requests and demands.

The district court conducted a discovery conference in this matter in which counsel for Harold is shown as having appeared. At this conference, the court set the date on which discovery would end and set a trial date. A pretrial conference was also held and, again, the record indicates that counsel for Harold participated.

Ultimately, the City filed a motion for summary judgment, arguing that the facts stated in its demands for admissions were to be deemed admitted by reason of Harold's failure to admit, deny, or object to those demands. Harold's response to the motion for summary judgment was to contend that motions for summary judgment simply were not available in cases for forfeiture brought pursuant to chapter 65 of the Kansas Statutes Annotated.

The district court granted the City's motion for summary judgment, and Harold appeals.

Harold argues that the provisions of chapter 60 of the Kansas Statutes Annotated do not apply to actions brought under chapter 65. The issue raised by Harold is one which has not been answered directly by the courts of this state.

After review, we conclude that the provisions of chapter 60 do indeed apply to chapter 65 forfeiture proceedings and, accordingly, we affirm.

The question is whether summary judgment was procedurally appropriate in the instant matter. It does not appear that any of the parties contend that there are or were any disputed questions of fact which were required to be resolved. The case was ripe for summary judgment if that remedy was available.

Our research reveals, and we hold, that an action for forfeiture under chapter 65 is a civil action, as contrasted to one that is criminal in nature. While we have no Kansas cases which specifically hold such an action to be civil, we do have decisions which lead us directly to that conclusion. In *State v. One 1978 Chevrolet Corvette*, 8 Kan. App. 2d 747, this court refers to the action as "an in rem proceeding under K.S.A. 65-4135 to forfeit a 1978 Chevrolet Corvette which had been used to transport marijuana for sale." On page 750 of that opinion, we stated: "Although enforced through proceedings in rem, forfeitures are penal in nature. *United States v. U.S. Coin & Currency*, 401 U.S. 715, 28 L. Ed. 2d 434, 91 S. Ct. 1041 (1971)." See *State v. Durst*, 235 Kan. 62, 67-68, 678 P.2d 1126 (1984). In the recent decision of *State v. Oyler*, 15 Kan. App. 2d 84, 85, 803 P.2d 585 (1990), we held that "forfeiture actions are proceedings in rem."

In rem proceedings have always been considered to be civil in nature. They were originally considered to be admiralty cases, although that distinction is no longer maintained. In *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 363, 79 L. Ed. 2d 361, 104 S. Ct. 1099 (1984), the nature of an in rem action was discussed. "In contrast to the *in personam* nature of criminal actions, actions *in rem* have traditionally been viewed as civil proceedings, with jurisdiction dependent upon seizure of a physical object."

We note that the Kansas forfeiture statutes are similar to the federal forfeiture statute. See 21 U.S.C. § 881 (1988). In this regard, several federal courts have held that federal forfeiture proceedings are civil actions. See *U.S. v. Santoro*, 866 F.2d 1538, 1543 (4th Cir. 1989); *United States v. $2,500 in United States Currency*, 689 F.2d 10, 13-14 (2d Cir. 1982), *cert. denied* 465 U.S. 1099, *reh. denied* 466 U.S. 994 (1984); *United States v. One 1977 Pontiac Grand Prix, VIN 2J5747P137057*, 483 F. Supp. 48, 49 (N.D. Ill. 1979). See generally 36 Am. Jur. 2d, Forfeitures and Penalties § 17.

Based upon the authorities cited in this opinion, we have no problem in concluding the forfeiture actions are, by their nature, civil rather than criminal.

Since the action is civil in nature, it is quite obvious that the code of criminal procedure would not apply. It seems equally obvious to us that the code of civil procedure, as set forth in chapter 60, would apply to a civil action such as a forfeiture. Our decision does not, however, rest on that simple logical deduction. K.S.A. 60-201 states: "This article governs the procedure in the district courts of Kansas, other than actions commenced pursuant to chapter 61 of the Kansas Statutes Annotated, and any amendments thereto."

Since the legislature has not designated any administrative agency or other quasi-judicial entity to hear forfeiture actions, it is logical to conclude that such jurisdiction falls upon our district courts. As pointed out above, the legislature has provided that chapter 60 governs proceedings in the district courts of this state.

We further note that, in those areas of law in which the legislature has chosen to make chapter 60 nonapplicable, it has said so. For example, in criminal cases, the rules of criminal procedure are applicable. See K.S.A. 22-2101 *et seq.* In limited actions, the rules of civil procedure for limited actions apply. See K.S.A. 61-1701 *et seq.* The legislature has not seen fit to indicate that any procedure other than that designated by chapter 60 should apply to forfeiture actions, and we conclude that its failure to do so is a clear indication that chapter 60 does apply to such proceedings.

Harold argues that the forfeiture proceedings are summary in nature and that it is improper to employ the discovery procedures set out in chapter 60. We disagree. The legislature has indicated those instances in which it deems proceedings to be summary in nature. For instance, K.S.A. 79-1413a provides for summary proceedings in tax appraisal appeals. K.S.A. 1990 Supp. 60-1505 provides for summary proceedings in habeas corpus cases. Once again, the failure of the legislature to specifically provide that forfeiture is a summary proceeding leads us to the conclusion that it is not and that the discovery provisions of chapter 60 apply to a forfeiture action.

We hold that the Kansas rules of civil procedure, as set forth in chapter 60, apply to forfeiture actions instituted under chapter 65. By applying chapter 60 to the instant matter, we conclude that Harold's failure to respond to the demands for admission had the effect, as determined by the district court, of admitting

the facts stated. Since those facts are deemed admitted, there existed no material disputed issues of fact to be resolved by the district court, and the granting of summary judgment in favor of the City was proper.

Affirmed.