(983 P.2d 865)

No. 79,348

STATE OF KANSAS, *Appellant*, v. RESIDENTIAL UNIT & REAL ESTATE at 930 WINDWOOD #2, JUNCTION CITY, KS 66441, *Appellee*.

Opinion filed July 2, 1999.

*Thomas Alongi*, assistant county attorney, for appellant.

*Wm. Rex Lorson*, of Salina, for appellee.

Before KNUDSON, P.J., LEWIS, J., and RICHARD M. SMITH, District Judge, assigned.

KNUDSON, J.: This is an appeal by the State of Kansas from an order of the trial court granting claimant's motion to dismiss the State's civil asset forfeiture case. We reverse the trial court and remand for further proceedings.

On December 12, 1996, the Junction City drug task force executed a search warrant at the residence of Lamart Elkins and Alphia Hart at 930 Windwood, #2, Junction City, Kansas. This warrant was based upon two previous undercover purchases of cocaine from Elkins. The residence was allegedly used to facilitate both transactions.

The State issued a notice of pending forfeiture to both occupants. Only Hart responded with a claim. On March 3, 1997, the State filed a civil in rem forfeiture complaint, and on March 21, 1997, Hart filed an answer. On May 30, 1997, the parties received notice from the district court, setting the case for a hearing on June 24, 1997.

At the hearing, Hart appeared pro se and made a motion for dismissal of the case because the State did not bring her to trial within 60 days from the service of the petition as set out in K.S.A. 60-4113(g). The court held the statutory time provision of K.S.A. 60-4113(g) was mandatory, not directory, and dismissed the case.

This court's standard of review is unlimited as the interpretation of a statute is a question of law. See *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998).

Civil forfeiture in Kansas is governed by the Kansas Standard Asset Seizure and Forfeiture Act (KSASFA), K.S.A. 60-4101 *et seq.* K.S.A. 60-4113 is the controlling statutory provision for in rem forfeiture proceedings. Forfeiture law did not change in a dramatic way by the enactment of the KSASFA. The KSASFA centralized several statutes concerning asset forfeiture. See *Kansas Highway Patrol v. 1985 Chevrolet Astro Van*, 24 Kan. App. 2d 841, 845-46, 954 P.2d 718 (1998).

Before the KSASFA, forfeitures resulting from controlled substances were governed by K.S.A. 1993 Supp. 65-4135. It provided that forfeiture proceedings under K.S.A. 65-4171(c) were to be instituted promptly. Once the forfeiture proceeding was instituted, however, K.S.A. 65-4171 did not specify a time period for a hearing after service of the petition.

Under the KSASFA, the pertinent portion of K.S.A. 60-4113(g) provides: "[T]he hearing on the claim shall be held within 60 days after service of the petition unless continued for good cause." In this case, the setting was made more than 60 days and the hearing was held more than 100 days after service of the petition. The interpretation of this portion of K.S.A. 60-4113(g) is a case of first impression. The State argues "shall" is directory, whereas Hart argues "shall" is mandatory.

Both parties cite *Wilcox v. Billings*, 200 Kan. 654, 657, 438 P.2d 108 (1968), which discusses the rules and aids of construction for interpreting whether statutes are mandatory or directory. When ascertaining legislative intent, the general rule is that the entire statute, including its nature, object, and the consequences which result from either construction, is to be considered. A statutory provision is regarded as directory if it relates to some immaterial

matter, such as where compliance with the statute is a matter of convenience rather than substance, or where the directions of a statute merely give a view to the proper, orderly, and prompt conduct of business, unless followed by words of absolute prohibition. A statutory provision is also regarded as directory if no substantial rights depend on it, no injury can result from ignoring it, and the purpose of the legislature can be accomplished in a manner other than that prescribed, with substantially the same results.

A statutory provision is considered mandatory if it is the essence of the thing to be done to matters of substance. When a statute directs acts or proceedings to be done in a certain way, it shows the legislature's intent that compliance with the provision is essential to the validity of the act or proceeding. A statute is also regarded as mandatory if some antecedent and prerequisite conditions must exist prior to the exercise of power or must be performed before certain other powers can be exercised. *Wilcox*, 200 Kan. at 657-58.

Several cases have dealt with the mandatory versus directory issue when a statute stated a court shall set a matter for hearing within a certain time. See *City of Garnett v. Zwiener*, 229 Kan. 507, 509, 625 P.2d 491 (1981) (language stating documents from municipal court be sent to the district court within 10 days after appeal is directory); *State v. Fink*, 217 Kan. 671, Syl. ¶ 3, 538 P.2d 1390 (1975) (language requiring a preliminary hearing within 10 days of arrest or personal appearance is directory); *State v. Higby*, 210 Kan. 554, 559, 502 P.2d 740 (1972) (language requiring a person charged with a crime and held on bond to be brought to trial within 180 days after arraignment or be discharged is mandatory); *State v. Porting*, 20 Kan. App. 2d 869, 871, 892 P.2d 915, *rev. denied* 257 Kan. 1095 (1995) (language requiring a sentence conversion hearing within 60 days after a request and a ruling within 30 days after the hearing is directory); *In re T.K.*, 11 Kan. App. 2d 632, 637, 731 P.2d 887 (1987) (language requiring a hearing within 30 days from notice of appeal from a magistrate judge to district court is directory); *In re Flournoy*, 5 Kan. App. 2d 220, 223, 613 P.2d 970 (1980) (language requiring a hearing within 2 weeks after filing a petition is directory).

Here, K.S.A. 60-4113(g) is a matter of convenience rather than substance. It gives a view to the proper, orderly, and prompt conduct of business; has no words of absolute prohibition; and does not provide a penalty for noncompliance. If a party has complied with statutory provisions requiring action, then subsequent procedural steps to be taken by the court are directory, and the review proceeding is not defeated by defects created or matters overlooked by court personnel. See *Zwiener*, 229 Kan. at 509. Also, under K.S.A. 60-4123, KSASFA is to be liberally construed.

Based upon the above rules and aids to construe whether a statute is directory or mandatory, we conclude that the language in K.S.A. 60-4113(g) requiring a hearing to be held within 60 days after service of the petition is directory.

While we hold the language is directory, we are mindful that failure to conform to the statute can still be fatal to the State's case. A claimant's right to due process may still be violated if an excessive time period expires before a hearing. See *State v. $1,947*, 255 Neb. 290, 299, 583 N.W.2d 611 (1998). Here, Hart did not argue her due process rights had been violated. Rather, she relied upon strict compliance with the statute.

The trial court's order of dismissal is reversed, and the matter is remanded for further proceedings.

LEWIS, J.: I dissent from the majority opinion in this case. I have come to the conclusion that judges are among the few people in our society who can say with a straight face that mandatory words such as "shall" and "must" do not mean what we all think they mean. We are able to conclude that words like "shall" and "must" actually mean "might," "should," "can if one wants to," etc. I am unable to make this statement with a straight face, and I cannot ignore what the dictionary tells me these words mean.

In this case, we have a statute which requires that a hearing "*shall* be held within 60 days after service of a petition unless continued for cause." This appears to me to be a clear and unambiguous statement of legislative intent. Despite what may be obvious, the majority tells us that the legislature, when it used the word "shall," really meant to say "should," "ought to," or "can if you

like." My question is what version of "shall" did the legislature intend? Why did it not employ directory words such as "should be held," "ought to be held," or "can be held" if it wanted to create a directory requirement? Instead, the legislature used the word "shall." I presume that the members of the Kansas Legislature are well acquainted with the meaning of the word "shall" and are able to use it properly in a coherent sentence. The majority view apparently does not agree with this proposition and simply abandons the clear, unambiguous meaning of the word shall to conclude that it means something other than shall.

This court recently filed *In re Care & Treatment of Brown*, 26 Kan. App. 2d 117, 978 P.2d 300 (1999). In that case, we dealt with K.S.A. 1995 Supp. 59-29a06, which said: "Within 60 days after the completion of any hearing held pursuant to K.S.A. 59-29a05 and amendments thereto, the court *shall* conduct a trial to determine whether the person is a sexually violent predator." (Emphasis added.)

In *Brown*, the panel saw fit to define the word "shall" as the dictionary does and as most of us use it. In explaining our position, we said:

"The language of K.S.A. 1995 Supp. 59-20a06 is clear. The use of the term 'shall' indicates the legislature mandated that the commitment trial be held within 60 days after the probable cause hearing. The inclusion of the language '[t]he trial may be continued' does not render the term 'shall' discretionary. Additionally, continuance is conditional. A continuance (1) must be considered upon a motion; (2) must be granted for the purpose of due administration; and (3) cannot substantially prejudice the defendant. Neither the court nor the parties in this case filed a motion for continuance of trial. We hold that the 60-day requirement specified in K.S.A. 1995 Supp. 59-29a06 is mandatory and jurisdictional." 26 Kan. App. 2d at 120.

I agree with the reasoning set forth in *Brown* and incorporate it as a part of my dissent.

The statute in this case says: "[T]he hearing on the claim *shall* be held within 60 days after service of the petition unless continued for good cause." (Emphasis added.) K.S.A. 60-4113(g). I point out that neither side in this case filed a motion for a continuance. I conclude that shall means what I was always taught that it means

and that the failure to either hold the trial within 60 days after service of the petition or to grant a continuance beyond that period of time requires dismissal of the case.

This is one of those actions in which the State of Kansas is attempting to take property away from one of its citizens on the premise that the property was used in an illicit manner. It seems to me that given the nature of the statutes, a strict construction is necessary, and a construction which states that "shall" means "maybe" or "ought to" is certainly not a strict construction. I would affirm the decision of the trial court.