The Honorable Janice Hardenburger State Senator, 21st District 562 25th Road Haddam, Kansas 66944
Dear Senator Hardenburger:
You request our opinion regarding the presidential preference primary election. Specifically, you ask whether counties would be obligated to conduct the presidential preference primary and absorb the costs associated with conducting the primary should the Legislature fail to appropriate monies to cover the costs associated with conducting the presidential preference primary.
K.S.A. 1998 Supp. 25-4501 provides that "[o]n the first Tuesday in April of the year 2000, and every fourth year thereafter, there shall be held a presidential preference primary." Responsibility for payment of the costs associated with conducting the presidential preference primary is set forth in K.S.A. 25-4508. Pursuant to K.S.A. 25-4508, the State is to reimburse counties for the "direct expenses incurred by the county in conducting the presidential preference primary election." Costs associated with the conduct of any other election on the same day as the presidential preference primary are to be borne by the county or the subdivision of government responsible for calling the election.[1]
In 1992, the Attorney General determined that there was no legal action counties could pursue to force the Legislature to appropriate monies for the purpose of reimbursing counties for the costs of conducting the presidential preference primary.[2]
"The power to appropriate the money of the state is a legislative power and, except as is restricted by section 24 of article 2 of the Kansas constitution, the legislature has the exclusive power to decide how, when and for what purposes the public funds shall be applied in carrying on the state government. [Citation omitted.] `No money shall be drawn from the treasury except in pursuance of a specific appropriation made by law.' Kan. Const., Art. 2, § 24."[3] Mandamus could not be utilized to require the State Treasurer to violate Section 24 of Article 2 of the Kansas Constitution.[4] Given that the counties of the State would appear to have no legal recourse in seeking reimbursement from the State for costs associated with conducting the presidential preference primary, you ask whether the counties would be required to conduct the presidential preference primary if the Legislature fails to appropriate monies for the purpose of reimbursing counties for the costs associated with conducting the presidential preference primary.
To determine whether counties in the State are obligated to conduct the presidential preference primary despite the lack of an appropriation by the State to reimburse counties for the costs associated with conducting the primary, it must be determined whether the statutory provisions are mandatory or directory.
 "Whether language in a statute is mandatory or directory is to be determined on a case-by-case basis and the criterion as to whether a requirement is mandatory or directory is whether compliance with such requirement is essential to preserve the rights of the parties. In determining whether a legislative provision is mandatory or directory, it is a general rule that where strict compliance with the provision is essential to the preservation of the rights of parties affected and to the validity of the proceeding, the provision is mandatory, but where the provision fixes a mode of proceeding and a time within which an official act is to be done, and is intended to secure order, system, and dispatch of the public business, the provision is directory. Factors which would indicate that the provisions of a statute or ordinance are mandatory are: (1) the presence of negative words requiring that an act shall be done in no other manner or at no other time than that designated, or (2) a provision for a penalty or other consequence of noncompliance."[5]
"It has been said that whether a statute is directory or mandatory depends on whether the thing directed to be done is of the essence of the thing required, or is a mere matter of form."[6]
K.S.A. 1998 Supp. 25-4501 states "there shall be held a presidential preference primary." The Legislature has established the mechanism through which electors in all the counties of the State may express their opinion on candidates for United States President. The statute does not merely fix a mode of the proceeding or establish a time within which an official act is to be done. The provision is mandatory. Therefore, counties do not possess discretion whether to conduct the presidential preference primary. Although the expense of conducting the presidential preference primary may well prove burdensome for the counties of the State, the statutory language forces us to conclude that the counties of the State remain obligated to conduct the presidential preference primary regardless whether the Legislature acts to appropriate monies which would be used to reimburse counties for the costs associated with conducting the presidential preference primary.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] K.S.A. 25-4508. See also Attorney General Opinion No. 79-138.
[2] Attorney General Opinion No. 92-25.
[3] Id.
[4] Wheat v. Finney, 230 Kan. 217, 222 (1981); Attorney General Opinion No. 92-25.
[5] Marais des Cygnes Valley Teachers' Ass'n. v. U.S.D. No.456, 264 Kan. 247, 251 (1998) (citations omitted).
[6] In re Guardianship Conservatorship of Heck,22 Kan. App. 2d 135, 143 (1996), quoting Wilcox v. Billings,200 Kan. 654, 657 (1968).