(128 P.3d 413)
No. 93,650

STATE OF KANSAS, RUSSELL COUNTY SHERIFF'S DEPARTMENT, *Appellee*, v. $6,618.00 U.S. CURRENCY; 1993 FORD FLARE SIDE 4 x 4, VIN #1FTEX14H4PKB71758, and 1998 CHEVY TAHOE, VIN #1GNEK13R2WJ378198, *Appellants*.

—

Opinion filed February 17, 2006.

*Michael S. Holland* and *Michael S. Holland II*, of Holland and Holland, of Russell, for appellants.

*Daniel W. Krug*, county attorney, for appellee.

Before CAPLINGER, P.J., JOHNSON, J., and KNUDSON, S.J.

KNUDSON, J.: This forfeiture action was commenced under the Kansas Standard Asset Seizure and Forfeiture Act (K.S.A. 60-4101

*et seq.*). Ahmed Mohamed-Abdulla-Omar Al-Haj (hereafter "Al-Haj") appeals the district court's order forfeiting a 1998 Chevrolet Tahoe and $4,453. Two issues are presented: (1) Is compliance with K.S.A. 60-4111(b) directory or mandatory; and (2) must there be a probable cause finding to support forfeiture under K.S.A. 60-4116 regardless of whether a proper claim has been filed?

We conclude the provisions of K.S.A. 60-4111(b) are mandatory and Al-Haj failed to file a proper claim. We further conclude the district court properly struck Al-Haj's claim but failed to enter findings of fact to support a forfeiture order. Consequently, we vacate the forfeiture order and remand for a determination of probable cause to support forfeiture. If there is a finding of no probable cause, disposition of the property shall be in compliance with the Uniform Unclaimed Property Act, K.S.A. 58-3934 *et seq.*

## Underlying Circumstances

On May 20, 2003, Russell County Sheriff Sergeant Kelly Schneider was informed by Kansas Highway Patrol Trooper Andy Dean that Dean had stopped a van in which 332 pounds of pseudoephedrine tablets were found. Dean told Schneider he believed a 1993 red Ford pickup with Ohio plates and a black vehicle were traveling with the van. Schneider, who was patrolling Interstate 70 in Russell County, Kansas, located a black Chevy Tahoe driving in front of a Ford pickup matching the description. Both vehicles were stopped. Al-Haj was the driver of the Tahoe.

The vehicles and their occupants were transported to the Russell County Sheriff's Office, where the vehicles were searched. Inside the Ford, officers found 198 pounds of "pseudoephed" tablets. A small bag of marijuana, two marijuana cigarettes, and ZigZag rolling papers were found in the Tahoe. A search of Al-Haj produced $4,453 cash. The driver of the Ford had $2,165 cash. The Ford driver's wallet held a piece of paper on which Al-Haj's first name and phone number were written.

Sometime around May 21, 2003, the State filed a notice of pending forfeiture of the vehicles and cash under K.S.A. 60-4109. The State alleged the vehicles and cash were used in furtherance of or were proceeds of transactions in violation of the Uniform Con-

trolled Substance Act, K.S.A. 65-4101 *et seq*. On May 29, 2003, Al-Haj filed a claim to $4,453 and the Tahoe pursuant to K.S.A. 60-4111. The State then filed an in rem forfeiture action under K.S.A. 60-4113 of the Kansas Standard Asset Seizure and Forfeiture Act, K.S.A. 60-4101 *et seq*. The State's complaint noted Al-Haj's claim on the property but said it believed the claim was invalid.

At the bench trial on the forfeiture, the State argued Al-Haj's claim should be denied because it did not meet all the requirements of K.S.A. 60-4111. Specifically, the State argued Al-Haj's claim failed to include "the date, the identity of the transferor, and a detailed description of the circumstances of the claimant's acquisition of the interest in the property" which K.S.A. 60-4111(b)(4) requires. The district court did not deny the claim at trial but proceeded to hear the evidence. After trial, the district court issued a written decision denying the claim and forfeiting the property. Al-Haj timely appeals.

*Sufficiency of the Claim*

Al-Haj acknowledges his claim was not in compliance or even substantial compliance with the requirements of K.S.A. 60-4111(b). He contends the statute is directory, not mandatory. Interpretation of a statute is a question of law permitting unlimited review on appeal. See *Cooper v. Werholtz*, 277 Kan. 250, 252, 83 P.3d 1212 (2004).

K.S.A. 60-4111(b) states in material part that a claim

"shall be in affidavit form . . . and shall set forth all of the following:

. . . .

"(3) The nature and extent of the claimant's interest in the property.

"(4) The date, the identity of the transferor, and a detailed description of the circumstances of the claimant's acquisition of the interest in the property."

Al-Haj's affidavit in support of his claim states: "The date, the identity of the transferor, and a detailed description of the circumstances of the claimant's acquisition of the interest in the motor vehicle is as set forth on title to same showing claimant as owner." No title was attached to the affidavit; Al-Haj did not provide a copy of the title at trial. Al-Haj never attempted to explain his acquisition of or interest in the cash.

In its decision to deny the claim for failing to meet K.S.A. 60-4111, the district court stated:

"Under the facts and circumstances of this case, the claimant, Mr. Ahmed Al-Haj, says he owns the vehicle and you can verify this from the title. He fails to provide a title to the plaintiff or for the court's review. The statute requires the claimant to make that presentation and upon his failure to do so, he has not met the elements of the statute.

"Further, in regards to the cash, there is no mention at any time, in the affidavit or claim, as to how this cash in his wallet came into the possession of the claimant. He has an affirmative duty under the statute to provide a detailed description of the circumstances of the claimant's acquisition of the interest in the property. By failing to do so, he has failed to properly follow the statute, and therefore, his claim cannot be valid."

Al-Haj does not challenge the district court's findings, only its conclusions of law. He contends the district court erred because the requirements of K.S.A. 60-4111(b) are directory, not mandatory. Al-Haj would ask us to conclude his failure to comply does not prevent standing in a subsequent forfeiture proceeding.

Canons of construction in determining whether a provision is mandatory or directory are addressed in *Wilcox v. Billings*, 200 Kan. 654, 657-58, 438 P.2d 108 (1968). The court stated:

"No absolute test exists by which it may be determined whether a statute is directory or mandatory. Each case must stand largely on its own facts, to be determined on an interpretation of the particular language used. Certain rules and aids to construction have been stated. The primary rule is to ascertain legislative intent as revealed by an examination of the whole act. Consideration must be given to the entire statute, its nature, its object, and the consequences which would result from construing it one way or the other. It has been said whether a statute is directory or mandatory depends on whether the thing directed to be done is of the essence of the thing required, or is a mere matter of form. Accordingly, when a particular provision of a statute relates to some immaterial matter, as to which compliance with the statute is a matter of convenience rather than substance, or where the directions of a statute are given merely with a view to the proper, orderly, and prompt conduct of business, it is generally regarded as directory, unless followed by words of absolute prohibition; and a statute is regarded as directory where no substantial rights depend on it, no injury can result from ignoring it, and the purpose of the legislature can be accomplished in a manner other than that prescribed, with substantially the same results. On the other hand, a provision relating to the essence of the thing to be done, that is, to matters of substance, is mandatory, and when a fair interpretation of a statute,

which directs acts or proceedings to be done in a certain way, shows that the legislature intended a compliance with such provision to be essential to the validity of the act or proceeding, or when some antecedent and prerequisite conditions must exist prior to the exercise of power or must be performed before certain other powers can be exercised, the statute must be regarded as mandatory. (82 C.J.S., Statutes, § 376)." 200 Kan. at 657-58.

K.S.A. 60-4102(g) provides: " 'Notice of pending forfeiture' means a written statement by the plaintiff's attorney following a seizure of property but prior to the filing of a judicial complaint against such property *allowing for an administrative resolution to claims*." (Emphasis added.) K.S.A. 60-4113(c) provides that "[o]nly an owner of or an interest holder in the property who has timely filed *a proper claim* may file an answer in an action *in rem*." (Emphasis added.) Both of these provisions are consistent with and supportive of legislative intent that the requirements of K.S.A. 60-4111(b) be interpreted as mandatory and an antecedent to filing an answer in the forfeiture proceeding.

A somewhat analogous statute is K.S.A. 2005 Supp. 12-105b that requires presentation of a detailed notice of claim against a municipality prior to the commencement of litigation under the Kansas Tort Claims Act. In *Bell v. Kansas City, Kansas, Housing Authority*, 268 Kan. 208, 210, 992 P.2d 1233 (1999), the court held the detailed requirements for a proper claim were mandatory, not directory. The court interpreted the statute is to "sufficiently advise the proper municipality . . . of the time and place of the injury and give the municipality an opportunity to ascertain the character and extent of the injury sustained. [Citations omitted.]" 268 Kan. at 210. Obviously the analogy cannot be taken too far. Compliance with K.S.A. 2005 Supp. 12-105b is a condition precedent to commencement of litigation, whereas a determination of whether a party has legal standing in an in rem action is not. However, whatever the dissimilarities, the fact remains both laws are essential to either the commencement or participation in a subsequent proceeding.

Al-Haj relies on our holding in *State v. Residential Unit & Real Estate*, 26 Kan. App. 2d 260, Syl., 983 P.2d 865, *rev. denied* 268 Kan. 893 (1999), interpreting K.S.A. 60-4113(g) to be directory.

K.S.A. 60-4113(g) provides in an *in rem* proceeding "the hearing on the claim shall be held within 60 days after service of the petition unless continued for good cause." In essence, a majority of the panel concluded this provision to be directory, not mandatory. The court reasoned: "Here, K.S.A. 60-4113(g) is a matter of convenience rather than substance. It gives a view to the proper, orderly, and prompt conduct of business; has no words of absolute prohibition; and does not provide a penalty for noncompliance." 26 Kan. App. 2d at 263.

The *Residential Unit* decision is not persuasive authority for Al-Haj's argument. K.S.A. 60-4113(g) concerns scheduling a proceeding for hearing within a certain time; it does not consist of substantive content going directly to the essence of the litigation. This distinction was not lost on the State that also cited *Residential Unit* to support its argument that the requirements of K.S.A. 60-4111(b) are mandatory.

We acknowledge forfeiture proceedings are governed by the Kansas Code of Civil Procedure. *City of Lenexa v. A Maroon 1978 Chevrolet*, 15 Kan. App. 2d 333, 336, 807 P.2d 694 (1991). However, Al-Haj's argument that "the trial court should have applied K.S.A. 60-102 and K.S.A. 60-208(f) to Mr. Al-Haj's pleadings and/ or claim . . . should have been liberally construed and adjudicated on its merits," is not persuasive. K.S.A. 60-4111(b) is a claims statute that precedes actual litigation. The Code of Civil Procedure does not address the substantive issue of claim content. Al-Haj's argument would have this court disregard settled canons of construction to determine if a particular provision of law is mandatory or directory.

We hold the requirements of K.S.A. 60-4111(b) to be mandatory, not directory. As already demonstrated, various provisions of the Act direct that a valid claim must contain certain, specific information, crucial to facilitating prefiling consideration of an owner or interest holder's claim. A failure to file a proper claim deprives a claimant of standing to file an answer and litigate his or her claim in the subsequent in rem forfeiture proceeding.

*The Forfeiture Order*

Al-Haj also contends the district court erred in denying his claim because the district court must first find the property is subject to forfeiture. After the district court struck Al-Haj's claim, it held:

"The court further finds that based upon the legal determination the claimant failed to properly follow the statutory requirements to make his claim, it is unnecessary to go further and make a determination on the merits of the case as to whether the forfeiture should be granted. The court finds that issue is moot as a result of this legal determination and ruling."

K.S.A. 60-4116(a) provides:

"If no proper claims are timely filed in an action *in rem*, or if no proper answer is timely filed in response to a complaint, the plaintiff's attorney may apply for an order of forfeiture and allocation of forfeited property pursuant to K.S.A. 60-4117, and amendments thereto. Upon a determination by the court that the seizing agency's written application established the court's jurisdiction, the giving of proper notice, and facts sufficient to show probable cause for forfeiture, the court shall order the property forfeited to the seizing agency."

K.S.A. 60-4116(a) requires that the district court enter a probable cause finding. Because that was not done in the underlying proceeding, we vacate the order of forfeiture and remand to the district court for a probable cause determination based on the evidence that was presented.

Our conclusion gives Al-Haj a hollow victory because of his failure to file a proper claim. If there is a finding of probable cause, the district court shall order the property forfeited to the seizing agency. If there is no finding of probable cause, disposition shall be in compliance with the Uniform Unclaimed Property Act, K.S.A. 58-3934 *et seq.*

*Conclusion*

The district court's order striking Al-Haj's claim is affirmed. The district court's order of forfeiture is vacated for a probable cause determination to support forfeiture.

Affirmed in part, reversed in part, and remanded for further proceedings.