Gerald Woolwine Clark County Attorney 114 W. 8th Street, P.O. Box 885 Ashland, Kansas 67831
Dear Mr. Woolwine:
As Clark County Attorney you request our opinion whether funds derived from a forfeiture action under K.S.A. 60-4101 et seq. may be used to pay for additional sheriff's vehicles and equipment, improvements to the sheriff's office or jail, and law enforcement training and education.
K.S.A. 2006 Supp. 60-4117 provides in pertinent part:
 "(d) Any [forfeiture] proceeds remaining shall be credited as follows, subject to any interagency agreement:
 . . . .
 "(2) If the law enforcement agency is a city or county agency, the entire amount shall be deposited in such city or county treasury and credited to a special law enforcement trust fund. Each agency shall compile and submit annually a special law enforcement trust fund report to the entity which has budgetary authority over such agency and such report shall specify, for such period, the type and approximate value of the forfeited property received, the amount of any forfeiture proceeds received, and how any of those proceeds were expended.
 "(3) Moneys in the . . . special law enforcement trust funds . . . shall not be considered a source of revenue to meet normal operating expenses. Such funds shall be expended by the agencies or departments through the normal city, county or state appropriation system and shall be used for such special, additional law enforcement purposes as the law enforcement agency head deems appropriate. Neither future forfeitures nor the proceeds from such forfeitures shall be used in planning or adopting a law enforcement agency's budget."[1]
Only one prior Attorney General Opinion[2] and two reported Kansas cases[3] cite to K.S.A. 2006 Supp. 60-4117, and none of this authority concerns the question you raise. Thus, we must interpret the statutory language quoted above in accordance with statutory construction rules.
It is the intent of the legislature, where it can be ascertained, which governs construction of statutes, and the legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted.[4] The primary rule of statutory construction is to give effect to the statute's clear meaning, however, if a statute is ambiguous a court is to determine legislative intent and give effect to that intent.[5] The intent of the legislature is to be derived in the first place from words used in the statute.[6] When a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute.[7]
The predecessor to K.S.A. 2006 Supp. 65-4117 allowed the county commission to determine how to expend forfeiture funds.[8] However, K.S.A. 2006 Supp. 60-4117 allows the funds in question to be expended for "law enforcement purposes" as determined by the head of each specific law enforcement agency. In a county, that person is normally the sheriff.[9] Thus, pursuant to K.S.A. 2006 Supp. 60-4117, a county commission no longer has a role in deciding how to expend such funds.
The January 11, 1993 final report prepared by Attorney General Robert T. Stephan's "Task Force on Asset Forfeiture" contains a succinct statement on the purpose served by forfeitures.
 "Asset forfeiture is an effective tool as it has multiple remedial benefits: (1) it removes the offending property be it guns or cash, so that it can't be used to commit future crimes; (2) it serves as a deterrent not only to the criminal who loses his ill-gotten gains, but to the youth who also see that drug dealing is not an easy way to riches; (3) it destroys the ability of an illegal enterprise to compete against or corrupt legitimate commerce; and (4) it turns illegal profits and equipment into badly needed resources for law enforcement agencies."[10]
The 1994 changes to the forfeiture statutes did not alter the general purpose for which such funds could be expended. Forfeiture funds must still be expended for "special additional law enforcement purposes." That means these funds cannot be used for anything normally paid for by the county.[11]
The current statute retains the verbiage of its predecessor statute that forfeiture funds "shall not be considered a source of revenue to meet normal operating expenses." This means that forfeiture funds cannot be used to reduce or supplant appropriations that would
normally exist in an agency's budget.[12] In fact, K.S.A. 2006 Supp.60-4117 is emphatic that the proceeds not be used in "planning or adopting a law enforcement agency's budget."
In light of this history and the statutory language, it is our opinion forfeiture funds may be used to purchase additional law enforcement vehicles and equipment as well as providing additional law enforcement education and training but only if such purchases are for additional and special purposes and not to replace old vehicles or cover other normal operating expenses. Such proceeds cannot be used to fund capital improvements costs to a county building and should never be considered a source of revenue to meet normal operating expenses of the sheriff's office or county.
Sincerely,
 Paul J. Morrison Attorney General
 Theresa Marcel Bush Assistant Attorney General
PM:MF:TMB:jm
[1] Emphasis added.
[2] Attorney General Opinion No. 2004-37. This opinion concluded that the Kansas Department of Wildlife and Parks may dispose of forfeited firearms by auctioning them to licensed firearm dealers in Kansas.
[3] State ex rel. Russell County Sheriff's Department v. $6,618.00U.S. Currency, 35 Kan. App. 2d 54 (2006); and Kansas Highway Patrol exrel. Pawnee County Attorney v. 1985 Chevrolet Astro Van et al.,24 Kan. App. 2d 841 (1998). Both of these cases concern the forfeiture procedures and not the handling of any resulting funds derived from such an action.
[4] Brown v. Board of Education, USD 333, Cloud County, 261 Kan. 134
(1996).
[5] Link, Inc. v. City of Hays, 266 Kan. 648 (1999).
[6] Davis v. City of Leawood, 257 Kan. 512 (1995).
[7] In re Marriage of Hoffman, 28 Kan. App.2d 156 (2000).
[8] K.S.A. 65-4173. Repealed L. 1994, Ch. 339, § 28.
[9] See K.S.A. 19-801 et seq. But see K.S.A. 19-4468 et seq. for consolidated law enforcement agencies.
[10] See Attorney General Opinions No. 94-4, 93-106 and 93-112
(forfeiture funds intended to reimburse law enforcement agencies for costs expended in enforcing laws under which forfeiture occurred and making available additional funds to combat crime).
[11] Capital improvements are normally part of the county budget and many statutes provide funding mechanisms to pay for such things.E.g., see K.S.A. 19-120 (multi-year capital improvements funds; K.S.A.19-1923 (building jails in places other than the county seat); K.S.A. 91-1512 (issuance of bonds for county courthouses).
[12] Attorney General Opinions No. 93-106, 93-112, 94-4.