No. 114,952

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS, *ex rel.*
KANSAS HIGHWAY PATROL,
*Appellant*,

v.

ONE 1995 CHEVROLET CAPRICE CLASSIC/IMPALA SS
VIN 31G1BL52P8SR191732,
*Defendant*,
and
(MICHAEL MCPHERSON),
*Appellee*.

SYLLABUS BY THE COURT

1.

To contest forfeiture of seized property, a person must file a written claim within 30 days after receiving notice of pending forfeiture. K.S.A. 2015 Supp. 60-4111(a).

2.

The claimant must file the claim and all supporting documents under oath. K.S.A. 2015 Supp. 60-4111(b).

3.

The claimant must establish not only his or her interest in the property, but also which specific statutory provision exempts the seized property from forfeiture. K.S.A. 2015 Supp. 60-4111(b). Showing solely one's ownership of the seized property is insufficient to exempt the property from forfeiture.

1

4.

Requiring a timely, written, sworn claim that specifies a claimed exemption not only deters false claims, but also gives the forfeiting agency time to determine whether the property is exempt, and if it is, whether to substitute nonexempt property for exempt property.

5.

Strict compliance with K.S.A. 2015 Supp. 60-4111 is mandatory for a person to contest forfeiture of property; thus, a purported claimant's appearance at the forfeiture hearing alone is not sufficient to comply with the requirements of that statute.

6.

When no proper claims are timely filed, if the court's jurisdiction is established, proper notice has been given, and facts show probable cause for forfeiture, then the district court must order the property forfeited to the seizing agency.

Appeal from Ellsworth District Court; RON SVATY, judge. Opinion filed September 30, 2016. Vacated and remanded with directions.

*Sarah E. Washburn*, special assistant attorney general, for appellant.

No appearance by appellee.

Before ARNOLD-BURGER, P.J., MCANANY and GARDNER, JJ.

GARDNER, J.:  The State of Kansas *ex rel.* Kansas Highway Patrol appeals the district court's denial of its forfeiture proceeding. The State claims the district court erred in returning the seized property to its owner without requiring the owner to comply with the terms of the relevant forfeiture statutes. We agree.

2

*Procedural and factual background*

The facts underlying this proceeding are not at issue in this appeal, thus they will not be set forth in detail. The State's brief alleges that on August 20, 2015, at approximately 7:00 a.m., Michael McPherson drove his car in Ellsworth County at speeds near 100 mph and through Ellsworth, Kansas, at speeds over 70 mph while being pursued by law enforcement officers. The State seized his car as property involved in the felony of fleeing or attempting to elude a police officer. See K.S.A. 2015 Supp. 8-1568.

The State began this civil forfeiture proceeding on September 18, 2015, by filing a notice of pending forfeiture of a 1995 Chevrolet Caprice Classic/Impala SS. That notice explained the State's intent to seek forfeiture of the vehicle under the Kansas Standard Asset Seizure and Forfeiture Act, K.S.A. 60-4101 *et seq.*, but was not accompanied by a probable cause affidavit. The notice stated that the car had been used to facilitate the felony of fleeing or attempting to elude a police officer in violation of K.S.A. 2015 Supp. 8-1568 and that this act gave rise to the car's forfeiture pursuant to K.S.A. 2015 Supp. 60-4104(z). This latter statute states: "Conduct and offenses giving rise to forfeiture under this act, whether or not there is a prosecution or conviction related to the offense, [include]: . . . (z) felony violations of fleeing or attempting to elude a police officer, as described in K.S.A. 8-1568, and amendments thereto."

The State served the notice on McPherson. The notice stated that anyone claiming an ownership of the vehicle was required to file a verified claim with the district court, and it advised that if no valid claim was filed within 30 days, any interest in the seized property would be forfeited. Although McPherson received the notice, he failed to file a claim or to ask for an extension of time in which to do so.

After 30 days had passed, the district court held a default judgment hearing. McPherson appeared and acknowledged that he had received the notice but stated he had

3

failed to respond because he "was going through some other legal matters of family issues." The district court then explained, "I'm a very liberal judge on this. I don't grant the State's request if somebody shows up and thinks they have a valid claim." After a brief recess, McPherson presented title and registration showing he owned the seized vehicle. The State objected, arguing the provisions in K.S.A. 2015 Supp. 60-4111 were mandatory and that the vehicle should be forfeited to the State. The district court noted the objection but ordered the return of the vehicle to McPherson.

The State timely appeals, contending the district court erred in allowing McPherson to contest forfeiture of the vehicle in the absence of a timely written claim as required by K.S.A. 2015 Supp. 60-4111. We agree.

*Our standard of review*

This case requires us to interpret the Kansas Standard Asset Seizure and Forfeiture Act (Act), K.S.A. 60-4101 *et seq*. Statutory interpretation is a question of law over which our review is unlimited. Accordingly, we are not bound by the district court's interpretation. *State v. Hopkins*, 295 Kan. 579, 581, 285 P.3d 1021 (2012).

*Our forfeiture statutes demand strict compliance*

Kansas law makes several demands of persons who seek to contest forfeiture of seized property. First, they must be an "owner of or interest holder in" the property seized for forfeiture:

> "(a) Only an owner of or interest holder in property seized for forfeiture may file a claim, and shall do so in the manner provided in this section." K.S.A. 2015 Supp. 60-4111.

4

For purposes of convenience, we will refer to such persons as "owners."

Second, owners shall file a written claim within 30 days after receiving notice of pending forfeiture:

"(a) . . . The claim shall be mailed to the seizing agency and to the plaintiff's attorney by certified mail, return receipt requested, within 30 days after the effective date of notice of pending forfeiture. No extension of time for the filing of a claim shall be granted except for good cause shown." K.S.A. 2015 Supp. 60-4111.

Third, owners must file the claim and all supporting documents under oath:

"(b) The claim and all supporting documents shall be in affidavit form, signed by the claimant under oath, and sworn to by the affiant before one who has authority to administer the oath, under penalty of perjury, K.S.A. 2015 Supp. 21-5903, and amendments thereto, or making a false writing, K.S.A. 2015 Supp. 21-5824, and amendments thereto." K.S.A. 2015 Supp. 60-4111.

Fourth, owners must establish why the property in question is not subject to forfeiture. *State ex rel. Drug Enforcement Unit v. $17,023 in U.S. Currency*, 50 Kan. App. 2d 526, 529-30, 329 P.3d 551 (2014). This is shown in the statute's requirement that the sworn claim and its supporting documents

"shall set forth all of the following:

". . . .

"(5) The specific provision of this act relied on in asserting that the property is not subject to forfeiture.

"(6) All essential facts supporting each assertion." K.S.A. 2015 Supp. 60-4111(b).

5

Our forfeiture statutes require owners who wish to challenge forfeiture of properly seized property to timely respond to the forfeiture notice, comply with the requirement that the claim and its supporting documents be sworn, and state a specific exemption under the law. Exemptions to forfeiture are listed in K.S.A. 60-4106.

Requiring a timely, written, sworn claim that specifies the claimed exemption fulfills three purposes: (1) it gives the forfeiting agency time to see if the property is exempt; (2) it deters false claims; and (3) it gives the forfeiting agency the opportunity to substitute nonexempt property for exempt property.

> "The purpose of a written claim is to enable the forfeiting agency time to address any claim the property is exempt or not otherwise subject to forfeiture. Moreover, a written claim must be sufficiently presented under oath and/or penalty of perjury in order to deter false claims. Finally, if the forfeiture is appropriate but the subject property is exempt, the forfeiting agency would then have the opportunity to seize nonexempt assets to substitute for exempt property." *County of Jackson v. $591.00 U.S. Currency*, No. 112,522, 2015 WL 4879207, at *2 (Kan. App. 2015) (unpublished opinion).

Not requiring strict compliance with the statute would undermine these purposes of the forfeiture statutes.

Although the Kansas Supreme Court has not addressed this issue, our court has consistently held that strict compliance with K.S.A. 2015 Supp. 60-4111 is mandatory for a person to establish standing to dispute a proposed forfeiture. See *State v. $6,618.00 U.S. Currency*, 35 Kan. App. 2d 54, 58-59, 128 P.3d 413 (2006); *$591.00 U.S. Currency*, 2015 WL 4879207, at *3; *Junction City Police Department v. $30,958.00 in U.S. Currency*, No. 109,096, 2014 WL 1096719, at *2 (Kan. App. 2014) (unpublished opinion). *Cf. State ex rel. Topeka Police Dept. v. $895.00 U.S. Currency*, 281 Kan. 819, 839, 133 P.3d 91 (2006) ("Since BIDS was not an owner of or an interest holder in the funds, BIDS lacked

6

standing to make a claim in the forfeiture proceeding. The district court properly granted the State's motion to strike BIDS's claim.").

Thus, as we have previously held, a purported claimant's pro se appearance at the hearing is not sufficient to comply with the requirements of K.S.A. 2015 Supp. 60-4111. *$591.00 U.S. Currency*, 2015 WL 4879207, at *3 (holding "[b]ecause there was no compliance with the statutory obligations to file and serve a written notice of claim, the district court erred in accepting any information from Shelley since she lacked standing in the forfeiture proceeding"); *Jackson County Sheriff's Dept. v. 2005 Dodge Caravan*, No. 110,024, 2014 WL 3843101, at *4 (Kan. App. 2014) (unpublished opinion) (holding "the district court erred in allowing Jones to appear, orally answer, and then participate as a party in the forfeiture proceeding" when he had not filed a claim as required by the statute).

We agree with the analysis in our cases noted above. The requirements of K.S.A. 2015 Supp. 60-4111 are mandatory, not directory. The Act provides that a valid claim must contain certain, specific information, which is crucial to facilitating the State's prefiling consideration of an owner's claim. An owner's failure to file a proper claim deprives that person of standing to litigate his or her claim in the subsequent in rem forfeiture proceeding. See *$591.00 U.S. Currency*, 2015 WL 4879207, at *3.

We recognize, as we have before, that meeting the Act's requirements may be difficult for some owners. See *$591.00 U.S. Currency*, 2015 WL 4879207, at *3; *$30,958.00 in U.S. Currency*, 2014 WL 1096719, at *2. But as we found in those cases, whether it is bad public policy to place these filing requirements on pro se parties is a question properly addressed to the legislature, not to this court.

7

*McPherson failed to comply with the statutory requirements*

McPherson admitted that he had received notice of the pending forfeiture. That notice was clear and unambiguous in advising him, among other facts, of the following:

- that the vehicle had been used to facilitate violation of the felony of fleeing or attempting to elude a police officer, an act giving rise to the property's forfeiture pursuant to K.S.A. 2015 Supp. 60-4104(z);
- that if McPherson believed he had a true ownership interest in the seized vehicle, he could either file a verified claim with the court or do nothing;
- that McPherson may wish to consult with an attorney before deciding which option is best;
- that if McPherson did not file a valid claim within 30 days of service of the notice, his interest in the seized vehicle would be forfeited;
- that if McPherson failed to establish that a substantial portion of his interest was exempt from forfeiture he may be responsible to pay certain costs, expenses, and fees; and
- that if McPherson timely filed a valid claim, the State would respond with a judicial petition for forfeiture and the matter would proceed to trial.

Despite having received proper notice, see K.S.A. 2015 Supp. 60-4109(a)(4), McPherson took no action and filed no claim in this forfeiture action. Although the statute permits an extension of time for the filing of a claim upon "good cause shown," K.S.A. 2015 Supp. 60-4111(a), McPherson did not attempt to show good cause or to extend his time for filing a claim. Instead, the district court accepted McPherson's personal appearance in lieu of his filing a claim and accepted his excuse that he "was going through some other legal matters of family issues" in lieu of, or as constituting "good cause shown." McPherson, however, lacked standing to challenge the forfeiture

8

because he had not filed any claim or request for extension after having been given proper notice. See *$591.00 U.S. Currency*, 2015 WL 4879207, at *3; *2005 Dodge Caravan*, 2014 WL 3843101, at *4.

Additionally, the district court erred in considering ownership as the sole criteria to be addressed. McPherson never claimed an exemption under K.S.A. 60-4106 or even stated a belief that his vehicle was not subject to forfeiture for some reason. The district court did not require him to. Instead, it permitted McPherson to appear and orally claim ownership of the car and then ordered the return of the vehicle to McPherson based solely on his ownership of the car—yet ownership was neither disputed in nor determinative of the forfeiture proceeding.

*Ordering return of the seized property was error*

Under these circumstances, where the court's jurisdiction is not challenged, the plain language of the governing statute requires forfeiture when the State shows probable cause for forfeiture:

> "(a) If no proper claims are timely filed in an action in rem, . . . the plaintiff's attorney may apply for an order of forfeiture and allocation of forfeited property . . . . Upon a determination by the court that the seizing agency's written application established the court's jurisdiction, the giving of proper notice, and facts sufficient to show probable cause for forfeiture, the court shall order the property forfeited to the seizing agency." K.S.A. 2015 Supp. 60-4116.

Here, no proper claim was timely filed, and the plaintiff's attorney applied for an order of forfeiture. The district court should have reviewed the application to verify the court's jurisdiction, reviewed the notice to determine its sufficiency, and reviewed the facts to determine whether they showed probable cause for forfeiture. Instead, the district court did none of these tasks, but ordered the return of the vehicle to McPherson without

9

giving the State the opportunity to put on evidence showing probable cause. This was error. Accordingly, we vacate the district court's order and remand for further proceedings pursuant to K.S.A. 60-4114 to include an analysis of probable cause for forfeiture.

*Remanding to a different judge is necessary*

We find it necessary to remand this forfeiture proceeding to a different judge. We take this unusual action because the district court's decision does not appear to have been the result of mere oversight or error but instead appears to reflect its intentional practice of conducting forfeiture proceedings free from the constraints of the governing laws. The following colloquy prompts our concern and demonstrates the court's admitted practice:

> "THE COURT: Well, here's where I'm at. I'm a very liberal judge on this. I don't grant the State's request if somebody shows up and thinks they have a valid claim. Do you have a title or anything that you can eventually bring to us?
>
> "MR. [MCPHERSON]: Yeah. I got the title to my car and all of it.
>
> "THE COURT: Where is the title at?
>
> "(Mr. McPherson indicated.)
>
> "THE COURT: Oh, you have it with you?
>
> "MS. WASHBURN: Your honor, if I may simply note my objection for the record.
>
> "THE COURT: Sure.
>
> "MS. WASHBURN: And—because it's my understanding under the statutes we're dealing with Mr. McPherson is required to mail a verified claim within 30 days of the notice being filed. That date would have been September—excuse me—18th, which means his 30 days would have run [October] 18th. We are well past that. I understand the Court's position. I simply would note an exception for the record.
>
> "THE COURT: You can do that for the record. If he can show me the title, I'm going to let him have his car.
>
> "MR. MCPHERSON: Cool.
>
> "THE COURT: I need to see it.

10

"MR. [MCPHERSON]: She's on her way back with it.

"THE COURT: Okay. . . .

"(A recess was taken for . . . Mr. McPherson to retrieve the car title. Upon resuming with both parties present, the following proceedings were had.)

"THE COURT: Let's go back on the record in 15 CV 46. The record should reflect that Mr. McPherson has shown to me a title and a registration that indicates that this Chevy Caprice Classic Impala is his car. The State has also indicated that they want further objection on the record, or statements, so I'll give them a chance.

"MS. WASHBURN: Yes, sir. I just wanted to cite some case law. There's a case out of Jackson County. It is an unpublished Court of Appeals case. . . . And the Court of Appeals actually reversed [a judge] on that when he had a claimant who had not made a verified claim within the time period show up at the hearing. And [the judge] did give them some of the cash that had been seized.

"The Court of Appeals said that the time period in the statutes that . . . we're dealing [with] were mandatory, not [discretionary]. And they reversed that in order to have the cash taken back from the claimant because of the improper filing and the improper disbursement. So I did just want to bring that to the Court's attention. It's a newer case, this year. I don't have the exact cite in front of me, and I apologize for that.

"THE COURT: That's fine. I'm going to keep my same decision anyhow."

Accordingly, the interest of judicial neutrality will be best served if the new forfeiture hearing is conducted by a different judge.

The decision is vacated, and the case is remanded for a new forfeiture hearing before a different judge.

* * *

MCANANY, J., concurring: I concur with the decision of the majority in all respects except for remanding the case to a new judge for further proceedings. Remanding to a different judge is an extreme measure which I would reserve for

11

circumstances beyond those found here. I am satisfied that with the guidance of this court's opinion the district court judge originally handling this matter could and would conduct a fair hearing on remand.