NOT DESIGNATED FOR PUBLICATION

No. 117,125

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

JENNIFER DAWN WILSON,
*Appellee.*


MEMORANDUM OPINION


Appeal from Barton District Court; RON SVATY, judge. Opinion filed September 8, 2017. Reversed and remanded with directions.

*Douglas A. Matthews*, assistant county attorney, *Amy J. Mellor,* county attorney, and *Derek Schmidt,* attorney general, for appellant.

No appearance by appellee.

Before GREEN, P.J., BUSER and LEBEN, JJ.

LEBEN, J.: While Jennifer Dawn Wilson was lawfully stopped for a traffic violation, police officers walked a drug dog around her car. The dog alerted, leading to the discovery of methamphetamine and narcotics in the car and drug-possession charges against Wilson.

While the initial traffic stop was lawful, Wilson argued that the officers had unlawfully prolonged the traffic stop so that they could get the drug dog to the scene. On that basis, Wilson filed a motion to suppress the evidence found in the car. But the district

court concluded factually that the stop wasn't prolonged beyond what was necessary for the traffic stop—a factual finding supported by the officers' testimony and a videotape that showed the drug-dog officer completing the sniff at the car only about seven minutes after Wilson's car was pulled over. Despite this finding, the district court granted Wilson's motion, ruling that the officers didn't have reasonable suspicion that she had illegal drugs and thus no cause to use the drug dog. We reverse because the district court's ruling is contrary to rulings of the United States Supreme Court, which has held that an officer doesn't need to have reasonable suspicion of illegal activities to have a drug dog sniff around a car during a lawful traffic stop.

Given the clarity of the United States Supreme Court cases and the district court's explicit finding that the traffic stop wasn't unnecessarily prolonged, its ruling is perplexing. Wilson's written motion claimed that the stop violated her rights under the Fourth Amendment to the United States Constitution, citing only *Rodriguez v. United States*, 575 U.S. ___, 135 S. Ct. 1609, 191 L. Ed. 2d 492 (2015). In *Rodriguez*, the Court said that if an officer prolongs the stop beyond "the amount of 'time reasonably required to complete [the stop's] mission,'" then the "traffic stop 'prolonged beyond' that point is 'unlawful.'" 135 S. Ct. at 1616 (quoting *Illinois v. Caballes*, 543 U.S. 405, 407, 125 S. Ct. 834, 160 L. Ed. 2d 842 [2005]). Wilson referenced *Rodriguez* hoping that the district court would conclude factually that the police officer who stopped Wilson's car had prolonged the stop beyond what was needed—such as checking Wilson's license, vehicle registration, and insurance, determining whether she had any outstanding warrants, and writing out her traffic citations—when the officer employed the drug dog. See *Rodriguez*, 135 S. Ct. at 1615.

But Wilson's legal argument became a nonstarter once the district court determined that the traffic stop in her case hadn't been prolonged beyond what was reasonably required. The first sentence of the Supreme Court's *Rodriguez* opinion should have been sufficient guidance for the district court in Wilson's case: "In *Illinois v.*

2

*Caballes*, 543 U.S. 405, 125 S. Ct. 834, 160 L. Ed. 2d 842 (2005), this Court held that a dog sniff conducted during a lawful traffic stop does not violate the Fourth Amendment's proscription of unreasonable seizures." *Rodriguez,* 135 S. Ct. at 1612.

So *Caballes* answered the legal question presented on Wilson's motion: given the district court's factual finding that a lawful traffic stop was still in progress when the drug-dog sniff took place, there was no Fourth Amendment violation. As the Supreme Court explained in *Caballes*, when a drug dog sniffs outside the car while the car is lawfully stopped, any intrusion on the driver's privacy doesn't violate the Fourth Amendment. 543 U.S. at 409. The *Caballes* opinion makes Wilson's case clear: "A dog sniff conducted during a concededly lawful traffic stop that reveals no information other than the location of a substance that no individual has any right to possess does not violate the Fourth Amendment." 543 U.S. at 410.

That's where the district court's ruling becomes perplexing. The judge seemed to understand that the caselaw was contrary to his ruling. In making the ruling, the judge said he understood "what the case law says" and appeared to acknowledge that Wilson could only win her case if it went all the way to the United States Supreme Court on appeal and if that Court reversed existing caselaw:

> "THE COURT: Well, here's where this Court is at. I don't think the stop was prolonged. It's very—I've watched quite a few videos. That was a pretty short video. But if this is a case that somebody wants to appeal—the problem is, I see that if I rule for the State, then we go to trial. We may be trying an unnecessary case.
>
> "Do you really want me to rule in your favor, Mr. Anderson [defense counsel], and say that—the only—there was no reasonable suspicion there? Because the officer clearly testified, I called for the drug dog because I knew her. I don't think that's reasonable suspicion.

3

"MS. MELLOR [prosecutor]: But Your Honor, case law says as long as a traffic stop isn't [prolonged], dog sniffs can be done any time, anywhere.

"THE COURT: I know that's what the case law says. I'm not sure I like that at all, because I know what the Highway Patrol is doing out on the interstates. They're stopping cars and taking the dogs in whether there's reasonable suspicion or not. Do you think that's really in the public interest? You can't answer that.

"MS. MELLOR: I can tell you what my opinion is, but I don't think anybody really cares about that.

"THE COURT: "Do you really want me to rule in your favor, Mr. Anderson, because you're—this one is going to—if it goes, it's going all the way. Are you prepared to take this one to the United States Supreme Court?

"MR. ANDERSON: I would love the opportunity, Your Honor.

"THE COURT: Well, then you're going to get it. I'm suppressing it on the grounds that there was no reasonable suspicion.

"MS. MELLOR: Just for the record, Judge, so we're clear here, you're finding that the traffic stop was not prolonged?

"THE COURT: Yes.

"MS. MELLOR: Thank you, Your Honor.

"THE COURT: I'm making that finding. It was not prolonged.

"MS. MELLOR: And I will tell the Court, obviously the State will appeal this.

"THE COURT: I hope you do. That's what I'm doing here."

Our duty is clear—as was the district court's. The United States Supreme Court is the final arbiter of the meaning of the United States Constitution—all other courts in this nation must abide by its rulings when they apply to cases before us. Wilson's sole claim in her motion to suppress evidence was that the officers had violated her rights under the Fourth Amendment to the United States Constitution. Under *Caballes* and *Rodriguez*, there can be no Fourth Amendment violation when a drug dog is used during a lawful car stop. We therefore reverse the district court's judgment.

The State had the right to appeal the district court's pretrial order suppressing the evidence of methamphetamine and narcotics under K.S.A. 2016 Supp. 22-3603. That's because such rulings are often determinative of the case, as would have been true here since all of the key evidence would have been inadmissible at trial. Now that this evidence will not be kept out of the trial, we must return the case to the district court for further proceedings.

The final issue then becomes whether we should provide that further proceedings be before a different judge. We do not do that lightly or often. But we have done so where the district court's decision doesn't appear to have been the result of mere oversight or error. See *State v. One 1995 Chevrolet Caprice Classic/Impala SS*, 53 Kan. App. 2d 35, 42, 382 P.3d 476 (2016). Here, the court indicated it was familiar with the existing caselaw. Because the district court made a factual finding that the traffic stop wasn't unnecessarily prolonged, the court was required to deny Wilson's motion.

It is important that those appearing in the courts have confidence that a fair hearing is being provided to them and that judges will follow the law. We therefore direct that the case be assigned to a different judge on remand so that there is no potential question about the appearance of fairness of future proceedings in Wilson's case.

5

The district court's judgment is reversed, and the case is remanded for further proceedings before a different judge.