NOT DESIGNATED FOR PUBLICATION

No. 127,919

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

$59,000 IN U.S. CURRENCY
(TAMEKA CHANDLER),
*Appellant*.


MEMORANDUM OPINION

Appeal from Brown District Court; LAURA JOHNSON-MCNISH, judge. Submitted without oral argument. Opinion filed April 17, 2026. Vacated and remanded with directions.

*Tameka Chandler*, appellant pro se.

*Kevin M. Hill*, county attorney, for appellee.

Before BOLTON FLEMING, P.J., ISHERWOOD and COBLE, JJ.

PER CURIAM: This is a civil asset seizure and forfeiture case under the Kansas Standard Asset Seizure and Forfeiture Act (the Act), K.S.A. 60-4101 et seq. A Brown County Sheriff's Sergeant stopped Tameka Chandler for speeding. That traffic stop led to a vehicle search, during which the sergeant found $59,000 in cash. In a notice of pending forfeiture, the State alleged that the money was related to drug trafficking and so the State intended to seize the currency. That notice was personally served on Chandler, but Chandler failed to oppose the forfeiture. So, the Brown County District Court entered a

1

judgment of forfeiture ordering the $59,000 seized from Chandler's vehicle to be forfeited.

On appeal, Chandler and the State raise a variety of arguments, but on our review, we find one vital detail of the district court's judgment that makes the forfeiture invalid. That is, it was an error for the district court to enter its judgment of forfeiture before the 60-day claims window closed. See K.S.A. 60-4111(a)(1); K.S.A. 60-4116(a). As explained below, we must vacate the district court's judgment of forfeiture and remand the case for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

On the night of October 11, 2023, Sergeant Trevor Fee with the Brown County Sheriff's Office stopped a southbound vehicle on Highway 75 for speeding. Chandler was the driver of that vehicle.

As Sergeant Fee was collecting Chandler's license, based on his training and experience, he smelled the odor of raw marijuana coming from the vehicle. At that point, Sergeant Fee advised Chandler that he would be conducting a probable cause search of her vehicle due to the smell of marijuana emitting from the vehicle. Upon searching the vehicle, Sergeant Fee found marijuana "shake" (marijuana bud residue) on the driver's side floorboard, on the floor of the trunk area, and in the glove box; $520 in the center console; and three cellphones. He also located a backpack in the trunk in which he found a vacuum-sealed package that contained $59,000 in United States currency in denominations of $100, $50, and $20 bills held together in several different groups with rubber bands.

Based on Sergeant Fee's extensive experience in investigating cases of the distribution of illegal drugs, he noted that the currency was not packaged in a manner that

2

was consistent with financial institutions and instead was packaged in a manner consistent with criminal activity. There were no bank withdrawal receipts or paystubs located in the vehicle that would explain the cash, and Chandler did not provide an explanation for the large amount of money.

Law enforcement executed a search warrant on the cellphones found in Chandler's vehicle, which revealed multiple photos of large amounts of marijuana and money. The photos showed the money in denominations of $100, $50, and $20 bills that were double banded with rubber bands, which was consistent with the packaging of the $59,000 found in Chandler's vehicle. None of the cellphones showed any evidence of income, bank transactions, or any legal explanation for having a large sum of cash in a vacuum-sealed package.

Sergeant Fee utilized a license plate reader database that indicated the vehicle Chandler was driving was detected traveling from Holton, Kansas, on September 22, 2023, at 9:38 p.m. south on Highway 75 and continuing south on Interstate 35, with the last reading near Denton, Texas, at 4:43 a.m. on September 23, 2023. The next license plate scan showed the vehicle back in Holton at 9:45 p.m. on September 23, 2023.

Based on Sergeant Fee's investigation, he determined that a round trip from Chandler's home near Omaha, Nebraska, to Denton, Texas, is approximately 18 hours and 50 minutes with no stops. So, under Sergeant Fee's logic, Chandler's trip was consistent with someone driving a route from Omaha to the Dallas area and back within a 24-hour period, which, based on his training and experience, is an indication the vehicle was involved in the transportation of money in exchange for illegal drugs.

A notice of pending forfeiture was served on Chandler on February 10, 2024, at her residence in Bellevue, Nebraska. That notice described the currency intended to be forfeited and advised Chandler as follows:

"You are hereby notified that the Plaintiff's Attorney has chosen to initially proceed with this matter administratively and is making stipulation of exemptions available for the property seized for forfeiture as described above.

"You may do any of the following:

"1. File a verified petition for Request for Stipulation of Exemption with the Plaintiff's Attorney, sending a copy to the Seizing Agency; or

"2. File a verified claim with the Plaintiff's Attorney and the Seizing Agency; or

"3. Do nothing.

"The law also provides for provisional return of the property under certain circumstances including the posting of a surety bond or a Court hearing on whether probable cause existed when the property was seized.

"You may wish to consult with an attorney before deciding what is best for you. However, if no petition or claim is filed *within thirty (30) days of personal service*, publication, or mailing of this notice, whichever is earlier, your interest in the property described above will be forfeited. All such requests, petitions and claims shall comply with the requirements for claims as set out in the Kansas Standard Asset Seizure and Forfeiture Act set forth at K.S.A. 60-4101 et seq." (Emphasis added.)

Chandler was personally served with the notice of pending forfeiture, but she did not respond, make a claim, or demonstrate standing to contest the request for forfeiture before the State filed an application for order of forfeiture on March 28, 2024. That application requested forfeiture of the $59,000 in United States currency and asserted that the property was "proceeds from conduct giving rise to forfeiture, there is no likely source for the property other than conduct giving rise to forfeiture, and/or [Chandler] engaged in conduct giving rise to forfeiture."

That same day, March 28, 2024, the district court entered a judgment of forfeiture in which it ordered the $59,000 in cash be forfeited to the State after finding the law and evidence supported forfeiture. The order did not elaborate on the precise evidence that supported forfeiture.

4

Chandler appealed the forfeiture order.

On appeal, Chandler argues that the district court erred in ordering the currency to be forfeited because the criminal charge against her that arose from the stop during which law enforcement found the currency was dismissed. In response, the State argues that Chandler lacks standing to bring this appeal and argues that her appeal is untimely. In the alternative, it argues that the judgment of forfeiture was proper because sufficient evidence supported the district court's finding that there was no likely source for the currency other than conduct giving rise to forfeiture.

We begin with the State's timeliness argument.

TIMELINESS OF THE APPEAL

Whether appellate jurisdiction exists is a question of law over which we have unlimited review. *State v. Clark*, 313 Kan. 556, 560, 486 P.3d 591 (2021). Our inquiry requires statutory interpretation, over which this court also exercises unlimited review. 313 Kan. at 560.

The right to appeal is entirely statutory and is not a right contained in the United States Constitution. 313 Kan. at 561. Kansas courts only have judicial power to hear matters over which they have jurisdiction. That jurisdiction derives from article 3, sections 1, 3, and 6 of the Kansas Constitution. *In re A.A.-F.*, 310 Kan. 125, 135, 444 P.3d 938 (2019). "When the record discloses a lack of jurisdiction, the appellate court must dismiss the appeal." *State v. Phipps*, 320 Kan. 616, 622, 570 P.3d 1240 (2025), *reh. granted* October 17, 2025.

The State argues that this court lacks jurisdiction over the case because Chandler filed her notice of appeal outside of the 30 days required by statute. It is true that a civil

5

appeal must be filed within 30 days from the entry of judgment. K.S.A. 60-2103(a). If this statutorily-imposed time limitation is not met, an appellate court has no jurisdiction over the appeal. See *In re Care & Treatment of Emerson*, 306 Kan. 30, 34, 392 P.3d 82 (2017).

The district court's judgment of forfeiture—its final order in this case—was filed on March 28, 2024. Chandler filed her notice of appeal on April 29, 2024. The State is correct that 30 days after March 28 is April 27. So, at first blush it seems that Chandler's notice of appeal was filed two days out of time. However, when looking at a calendar, April 27 (30 days after the district court's entry of judgment) was a Saturday. April 29 (the day Chandler filed her notice of appeal) fell on the following Monday.

Under K.S.A. 60-206(a)(1)(C), if the last day of the appeal period is "a Saturday, Sunday or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday." Accordingly, Chandler's notice of appeal filed on Monday, April 29 is timely.

The State's challenge to our jurisdiction on this ground is meritless. We now move to the State's standing argument, which, while inadvertent on the part of either litigant before this court, leads to reversal of the district court's order of forfeiture.

FAILURE TO COMPLY WITH THE ACT

Whether the district court complied with the Act requires statutory interpretation, which is a question of law subject to our unlimited review. See *Clark*, 313 Kan. at 560; *State v. One 1995 Chevrolet Caprice Classic/Impala SS*, 53 Kan. App. 2d 35, 37, 382 P.3d 476 (2016).

6

We acknowledge, and agree with, the State's argument that noncompliance with K.S.A. 60-4111 erodes a claimant's standing to challenge the forfeiture. 53 Kan. App. 2d at 39 (stating the Kansas Court of Appeals has "consistently held that strict compliance with K.S.A. 2015 Supp. 60-4111 is mandatory for a person to establish standing to dispute a proposed forfeiture"). But a review of the record on appeal reveals a glaring error, unrecognized by the parties, in the district court's judgment of forfeiture.

Under K.S.A. 60-4116(a):

"If no proper claims are timely filed in an action in rem, . . . the plaintiff's attorney may apply for an order of forfeiture and allocation of forfeited property pursuant to K.S.A. 60-4117 . . . . Upon a determination by the court that the seizing agency's written application established the court's jurisdiction, the giving of proper notice, and facts sufficient to show probable cause for forfeiture, the court shall order the property forfeited to the seizing agency."

We focus on the language reading, "[i]f no proper claims are timely filed in an action in rem" because the State argues that Chandler's failure to file a claim prevents her challenge here. K.S.A. 60-4116(a). Claims are controlled by K.S.A. 60-4111, and that statute's requirements are mandatory, not directory. *One 1995 Chevrolet Caprice Classic/Impala SS*, 53 Kan. App. 2d at 39-40.

K.S.A. 60-4111 has several requirements of a person who seeks to contest forfeiture of seized property. Pertinent here, first, the contesting individual must be an "owner of or interest holder in" the property seized for forfeiture. K.S.A. 60-4111(a)(1) ("Only an owner of or interest holder in property seized for forfeiture may file a claim, and shall do so in the manner provided in this section."). Second, the owner must file a written claim to the property within 60 days after receiving notice of pending forfeiture. K.S.A. 60-4111(a)(1) ("The claim shall be mailed to the seizing agency and to the

7

plaintiff's attorney by certified mail, return receipt requested, within 60 days after the effective date of notice of pending forfeiture.").

And herein lies the issue with the district court's judgment of forfeiture: both the State and the district court operated under the premise that Chandler had just 30 days to file her claim to the property, not the statutorily-mandated 60 days. While K.S.A. 60-4111 once gave potential claimants only 30 days to file his or her claim to the property, the Legislature amended the statute in 2018 and extended that window to 60 days. Compare K.S.A. 2017 Supp. 60-4111(a) ("Only an owner of or interest holder in property seized for forfeiture may file a claim, and shall do so in the manner provided in this section. The claim shall be mailed to the seizing agency and to the plaintiff's attorney by certified mail, return receipt requested, *within 30 days* after the effective date of notice of pending forfeiture." [Emphasis added.]), with K.S.A. 2018 Supp. 60-4111(a) ("Only an owner of or interest holder in property seized for forfeiture may file a claim, and shall do so in the manner provided in this section. The claim shall be mailed to the seizing agency and to the plaintiff's attorney by certified mail, return receipt requested, *within 60 days* after the effective date of notice of pending forfeiture." [Emphasis added.]). L. 2018, ch. 26, § 8 (amending K.S.A. 60-4111 by, in part, extending claim filing period from 30 days to 60 days).

But the State's notice of pending forfeiture to Chandler followed the pre-2018 version of K.S.A. 60-4111:

> "You may wish to consult with an attorney before deciding what is best for you. However, if no petition or claim is filed within *thirty* (*30*) *days* of personal service, publication, or mailing of this notice, whichever is earlier, your interest in the property described above will be forfeited." (Emphasis added.)

And the State's application for order of forfeiture repeated the error, stating: "That more than *thirty* (*30*) *days* have elapsed since the notice of pending forfeiture was personally served upon Tameka Chandler and no claim or request for stipulation of exemption have been timely received by the plaintiff's attorney." (Emphasis added.) The district court's order does not specifically reference the outdated 30-day window.

The notice of pending forfeiture is effective "pursuant to the code of civil procedure." K.S.A. 60-4109(a)(5). So, here, Chandler's time clock to file her claim began when she was personally served on February 10, 2024. See K.S.A. 60-204; K.S.A. 60-303(d).

The State filed its application for order of forfeiture on March 28, 2024, which is only 47 days after Chandler received service. And the district court's judgment of forfeiture was filed on the same day. But Chandler had until April 10, 2024, to file her claim to the property. See K.S.A. 60-4111(a)(1).

It was an error for the district court to enter its judgment of forfeiture before the claims window closed. See K.S.A. 60-4116(a). Because the district court did not comply with the mandates of the Act, its forfeiture order was invalid.

Chandler must be given her full 60 days to file a claim to the seized property. We could assume which exceptions to forfeiture Chandler may invoke under K.S.A. 60-4106 and then attempt to refute these assumed exceptions. But we are not a fact-finding court, and that analysis and assessment is best left to the district court. See *State v. Nelson*, 291 Kan. 475, 488, 243 P.3d 343 (2010) ("This court has repeatedly held appellate courts do not make factual findings, even if the record is sufficient for the court to reach the factual issues. Fact-finding is simply not the role of appellate courts."); see also *State v. Gutierrez-Fuentes*, 315 Kan. 341, 347, 508 P.3d 378 (2022) ("Fact-finding is simply not the role of appellate courts.").

9

Although Chandler did not object on this basis, a "void judgment is a nullity and may be vacated at any time." *Colorado Interstate Gas Co. v. Beshears*, 271 Kan. 596, 611, 24 P.3d 113 (2001). As a result, the judgment of forfeiture is vacated and this matter is remanded to permit prospective claimants the full statutory period to file any claim after reissuance of notice under the Act. The 60-day period should begin from the date of the service of notice in accordance with K.S.A. 60-4111(a)(1).

The district court is likewise cautioned that although Supreme Court Rule 165 (2026 Kan. S. Ct. R. at 232) instructs us to presume the district court considered the evidence, it is also true that if the "'trial court's findings of fact and conclusions of law are inadequate to disclose the controlling facts or the basis of the court's findings,' thus precluding meaningful appellate review, we may remand for additional findings and conclusions although none of the parties objected in the trial court." *In re Marriage of Bradley*, 258 Kan. 39, 49, 899 P.2d 471 (1995). In the district court's judgment of forfeiture here, the court found "the law and evidence to be in favor of the State of Kansas and in accordance thereto [made] the following findings and orders[.]" But the judgment goes on to make no findings as to the controlling evidence or why it weighed in favor of the State; instead, it only orders how the property should be forfeited and divided.

Vacated and remanded with directions.